# EXHIBIT A

RECEIVED DEC 1 2 2018

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF MACOMB

THERESA LAGATELLA,

    Plaintiff,

v

WAL-MART STORES, INC.,
a Delaware corporation,
d/b/a WAL-MART SUPERCENTER,

    Defendant.
_____/

Case No. 18- 4736 NO
Hon. CARL J. MARLINGA

BRIAN E. MUAWAD (P41209)
Attorney for Plaintiff
BRIAN E. MUAWAD, P.C.
22330 Greater Mack Ave.
St. Clair Shores, MI 48080
(586) 778-8570
muawadpcscs@sbcglobal.net
_____/

RECEIVED
DEC 7 2018

## COMPLAINT

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

_____
Brian E. Muawad

## COMPLAINT

NOW COMES Plaintiff, THERESA LAGATELLA, by and through her attorneys, BRIAN E. MUAWAD, P.C., and for her Complaint against Defendant, WAL-MART STORES, INC., d/b/a WAL-MART SUPER CENTER ("WALMART"), a Delaware corporation, states as follows:

    1.    That at all times pertinent hereto, Plaintiff, TAMAISHA WRIGHT, was a resident of the City of Warren, within the County of Macomb and State of Michigan.

2. That Defendant, WALMART a Delaware corporation, is duly authorized and organized to conduct business under the laws of the State of Michigan.

3. That at all times pertinent hereto, Defendant, WALMART, owned, operated, maintained and/or controlled the premises located at 28804 Gratiot Avenue, Roseville, Michigan; a.k.a. Store #2959.

4. That on or about September 13, 2016, and on October 11, 2016, Plaintiff was a business invitee on Defendant, WALMART's, premises and lawfully on said premises for the purpose for which It was intended.

5. That on or about September 13, 2016 Plaintiff was using the restroom, when the toilet next to hers suddenly overflowed and she was caused to slip on water that had accumulated on the floor. As a result of slipping on the accumulated water, Plaintiff fell to the ground and inflicted upon her severe, serious, permanent and disfiguring injuries as hereinafter set forth.

6. That on or about October 11, 2016 Plaintiff was walking near the pet department at or near "action alley" when she was caused to slip and fall on a clear liquid, that was later to be determined as shampoo, that had accumulated on the floor. As a result of slipping on the accumulated water, Plaintiff fell to the ground and inflicted upon her severe, serious, permanent and disfiguring injuries as hereinafter set forth.

7. That Plaintiff was not guilty of any negligence in any manner contributed to the happening of this incident or the infliction upon her of the Injuries as hereinafter set forth.

8. That Defendant, WALMART, knew of, should have known or, and/or created the dangerous conditions which caused Plaintiff to slip and fall.

9. That all times pertinent hereto, Defendant, WALMART, was responsible for maintaining the premises both inside and outside its property.

2

10. That Defendant, WALMART, by and through its agents, servants and/or employees owed the public generally, and more specifically, Plaintiff, certain duties to engage in the course of its business and operate its facilities in a safe and prudent manner.

11. That Defendant, WALMART, by and through its agents, servants and/or employees, owed Plaintiff certain duties, that Defendant violated those duties, and that the violations consisted of, but were not limited to, the following acts of negligence, carelessness and recklessness on the part of the Defendants:

(A) Negligently, carelessly and recklessly failing to exercise reasonable care for the protection of business invitees, namely, Plaintiff, THERESA LAGATELLA;

(B) Negligently, carelessly and recklessly failing to warn of a danger in a common area, of which Defendant knew of, should have know about, created, and/or allowed to exist for an appreciable length of time;

(C) Negligently, carelessly and recklessly failing to inspect its premises to discover possible dangerous conditions which were not known;

(D) Negligently, carelessly and recklessly failing to take reasonable precautions to protect business invitees, such as Plaintiff, THERESA LAGATELLA, from the danger which then and there existed on his premises;

(E) Negligently, carelessly and recklessly failing and neglecting to repair or mop up or correct the defective and/or dangerous conditions within a reasonable time period from the areas of Defendant's premises even though Defendant knew or should have known the conditions existed yet failed to take reasonable actions;

(F) Negligently, carelessly and recklessly failing to provide mats, runners or other wetness absorbing and/or no skid devices to absorb substances accumulated on floors;

(G) Negligently, carelessly and recklessly maintaining defective conditions on its premises;

(H) Negligently, carelessly and recklessly failing to know and realize that the conditions which then and there existed on the premises involved an unreasonable risks of harm to Plaintiff, THERESA LAGATELLA;

3

(I) Negligently, carelessly and recklessly expecting Plaintiff, THERESA LAGATELLA, to discover or realize the danger posed by the condition, which then and there existed;

(J) Negligently, carelessly and recklessly failing to provide an adequate number of trained personnel responsible for the proper maintenance of Defendant's premises;

(K) Negligently, carelessly and recklessly performing other acts of negligence not yet known, but which will be ascertained during the discovery of said litigation.

12. That as a direct result of Defendant's negligence, Plaintiff suffered injuries to her right hip and leg, shoulders, neck, and extensions thereof, as well as injuring the muscles, cords, tendons and other fibers contained therein; that she sustained an aggravation, precipitation, lighting and flaring up of underlying, quiescent and dormant conditions so as to precipitate disability; that all of the injuries mentioned are of a permanent and incurable nature.

13. That Plaintiff has become badly disabled to cause her great embarrassment, humiliation, discomfort and inconvenience.

14. That Plaintiff is suffering and will continue to suffer for the balance of her natural life, extreme, grievous, intense and excruciating bodily and mental pain and agony by reason of suffering from the permanent, incurable and serious injuries as herein described.

15. That Plaintiff has incurred medical expenses in an endeavor to cure her of the injuries sustained herein and will have additional medical and related expenses indefinitely into the future.

16. That Plaintiff has lost wages as a result of her injuries resulting from this incident and will suffer an actual loss of income/wages into the future.

4

17. That the amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars and/or is otherwise within the jurisdiction of this Honorable Court.

WHEREFORE, Plaintiff, THERESA LAGATELLA, prays for a judgment against Defendant, WALMART, a Delaware corporation, in an amount to fairly and adequately compensate her for the injuries herein stated, together with interest, costs and attorney fees.

Respectfully submitted,

BRIAN E. MUAWAD (P 41209)
Attorney for Plaintiff
BRIAN E. MUAWAD, P.C.
22330 Greater Mack Ave.
Saint Clair Shores, MI 48080
(586) 778-8570
muawadpcscs@sbcglobal.net

Dated: November 29, 2018